OPINION
Appellant, Tammy Reese, appeals from a decision of the Juvenile Division of the Jefferson County Court of Common Pleas awarding permanent custody of her two children, Joshua Hatcher (d.o.b. March 17, 1986) and Cory Hatcher (d.o.b. February 4, 1988), to appellee, the Jefferson County Children Services Board.
Appellee first became involved with appellant and her children in December of 1993 when appellant was ordered into drug rehabilitation and the children went into foster care. After a brief reunion between the children and appellant, appellee was granted temporary custody of the children because appellant had to serve a six-month jail sentence for a probation violation on drug-related charges. Appellee returned the children to appellant's care in October of 1995.
On December 24, 1996, appellant left the children home alone while she went out to use crack cocaine. She left them alone again on December 26, 1996. After these incidents, appellant agreed to give appellee temporary custody of the children. On May 12, 1997, the trial court found the children to be dependent according to R.C. 2151.04(B) and appellee's temporary custody continued. On April 27, 1999, appellee moved for permanent custody of the children.
The magistrate held a hearing and subsequently granted appellee permanent custody of the children. Prior to the hearing, the children's father waived all of his rights as a parent and consented to appellee receiving permanent custody of the children. Appellant filed objections to the magistrate's decision. The trial court overruled appellant's objections and adopted the magistrate's decision in its October 14, 1999 judgment entry. This appeal followed.
Appellant alleges a single assignment of error, which states:
 "THE EVIDENCE DID NOT SUPPORT A FINDING THAT TERMINATING THE MOTHER'S PARENTAL RIGHTS AND AWARDING PERMANENT CUSTODY TO THE COUNTY CHILDRENS SERVICES BOARD WAS IN THE BEST INTEREST OF THE CHILDREN."
Appellant argues that she visits the children and shows concern for them. She claims that appellee presented no evidence that the children wish for their relationship with her to be terminated. Appellant asserts that the children are not likely to be adopted because of their ages and history of sexual abuse. She argues that terminating her parental rights is not in the children's best interest.
A court may grant permanent custody of a child to the agency which filed a motion for custody if it determines, by clear and convincing evidence, that it is in the child's best interest and that the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents. R.C. 2151.414(B)(1) and R.C.2151.414(B)(1)(a).
 "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
When reviewing an issue that must be supported by clear and convincing evidence, the appellate court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof. Id. at 477.
In a hearing for permanent custody of a child, the court shall consider all relevant evidence to determine whether a child cannot be placed with his parents within a reasonable time or should not be placed with his parents. R.C. 2151.414(E). If the court finds by clear and convincing evidence that one or more of the listed factors following R.C.2151.414(E) exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. Id.
The magistrate found three of the factors listed in R.C. 2151.414(E) to apply:
 "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. * * *;
 "(2) Chronic mental illness, chronic emotional illness, * * * or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing * * *;
 "(14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect."
In its judgment entry, the magistrate found the following facts to exist: Appellant is unfit and unsuitable to be Joshua's and Cory's parent; Appellant is a substance abuser with crack cocaine being her drug of choice, she is also a recovering alcoholic; she has a history of prostitution to support her addictions. More than once, appellant has abandoned her children to accommodate her addictions; Appellant admits that she is currently still using crack cocaine.
Appellant failed to follow the case plan set out by appellee. She has continuously failed to substantially remedy the conditions that caused the children to be removed from her home. She has never been gainfully employed and there was no testimony that she was seeking employment.
The magistrate examined the best interests of the children. Both children have been sexually abused and continue to suffer as a result of that abuse. The children have never had a stable home with appellant. Appellant has moved frequently and has not provided adequate food for the children. The children have little or no interaction with their parents nor with other relatives.
The magistrate found that the children have endured a history of abuse, neglect, and dependency. It determined that the children could not be placed with either parent. The children's father gave up his parental rights and is awaiting trial for aggravated murder. The magistrate found that appellant is totally unfit. It found that appellant suffers from chronic mental and emotional illnesses and is chemically dependant. Her addiction is so severe that she is unable to provide an adequate, permanent home for the children.
The record of this case supports the magistrate's findings. Patty Babela (Babela), the caseworker from Children Services who filed for permanent custody of Joshua and Cory, testified that appellee put a case plan in place for appellant to follow while appellee had temporary custody of the children. She stated that the case plan required appellant to successfully complete drug and alcohol treatment and remain clean. Babela testified that appellant has not remained clean despite attending various types of counseling. She testified that appellant has moved eleven times in two and a half years.
Babela also testified as to the children's problems. Both children were sexually abused while they were in the custody of appellant. Joshua pled guilty to gross sexual imposition regarding an incident between himself and another child and is currently residing in a treatment center. Cory has behavior problems and is currently residing in a therapeutic foster home. Babela testified that, in her opinion, it is in the children's best interest to be in the permanent custody of appellee because appellant is unable to abstain from drug and alcohol use, which prevents her from caring for the children.
Appellant testified that the children were sexually abused while in her care by her former boyfriend and by her relatives. She admitted that she witnessed Joshua being sexually abused by her former boyfriend and did not notify anyone about the incident. Appellant also testified that she would love for Joshua and Cory to be home with her but, due to her addiction, they cannot be with her at the present time. She admitted that she is currently using drugs.
The children's guardian ad litem filed a report with the court on July 28, 1999. He found that Joshua and Cory were making progress in the treatment center and therapeutic foster home. He also found that appellant continuously failed drug screening tests and had recently tested positive for cocaine use. In light of these findings, the guardian adlitem recommended that it was in Joshua's and Cory's best interest that their permanent custody be granted to appellee.
The magistrate also interviewed Joshua and Cory. Joshua indicated that he would like to stay at the treatment center for now but he would eventually like to go home with his mother. Cory indicated that he wanted to live with a good family and that he did not want to reside with his mother. He also stated that sometimes there was not enough food in the house when he was living with his mother.
After reviewing the record, it is apparent that the magistrate had sufficient evidence to support its decision to grant permanent custody to appellee. Therefore, the trial court was within its broad discretion in adopting the magistrate's decision as its own.
Appellant's sole assignment of error is without merit.
Accordingly, the decision of the trial court is hereby affirmed.
 ____________ DONOFRIO, J.
Vukovich, J., concurs.
Waite, J., concurs.